UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE DISPLAY SHOP, INC.,
a Michigan corporation,

    Plaintiff,

                                    Case No. 09-11300

v.

                                    Hon. John Corbett O'Meara

VAUGHN ASSOCIATES, INC.,
a foreign corporation,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court are Defendant's motions for summary judgment and for Rule 11 sanctions, filed December 11, 2009. The court heard oral argument on April 1, 2010, and took the matter under advisement.

**BACKGROUND FACTS**

Plaintiff, The Display Shop, Inc. ("DSI"), filed this suit for breach of contract, account stated, and unjust enrichment against Vaughn Associates, Inc. ("Vaughn"), on April 7, 2009. DSI produces displays for use in retail stores. Vaughn is a sales representative for toy manufacturers.

In February 2008, Kevin Robertson of Vaughn contacted DSI's owner, Sam Gatto, about creating certain displays for K-mart. These "bubble" displays consisted of two columns of plastic bowls or "bubbles," which would be filled with small inexpensive toys. Robertson solicited toy manufacturers to participate in the "Bubble Program." According to Vaughn, Robertson was to negotiate "slotting fees" with his clients in an amount sufficient to cover the cost of manufacturing

the bubble displays, approximately $112,000. According to DSI, however, Robertson orally agreed that Vaughn would pay for the displays.

Although Robertson initially lined up several toy manufacturers to participate, most backed out or declined to pay the slotting fee. (The reasons why the manufacturers backed out is in dispute, but is not material to these motions.) DSI attempted to collect payment for the displays from Vaughn, who also refused. DSI contends that it produced the displays and packed them with toys without full compensation.

The displays were installed in K-mart stores and the toys were sold. DSI also contends that it was supposed to receive a packing/warehouse fee of twenty cents per unit from the sale of the toys. According to DSI, Vaughn failed to ensure that the K-mart computer system accurately reflected the price DSI was to be paid. As a result, DSI claims that it suffered a loss of approximately $21,500.

## LAW AND ANALYSIS

**I.    Standard of Review**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.   Count I – Breach of Contract

### A.   Contract for Bubble Displays

Vaughn seeks summary judgment on Plaintiff's breach of contract claim relating to the displays (Count I), arguing that there was no agreement between the parties. There is no written agreement regarding who was to pay for the bubble displays and the paper record is fairly sparse otherwise. Vaughn claims that the participating manufacturers were supposed to pay and that Sam Gatto admitted as much in his deposition. A review of the deposition testimony as a whole, however, shows that Gatto did not clearly admit that the manufacturers were obligated to pay for the displays instead of Vaughn. Indeed, Gatto testified that Vaughn agreed to pay for the displays. See Gatto Dep. at 18, 26-28, 30; Pl.'s Ex. 14 (Gatto Affidavit). Given the conflicting evidence, there is a question of fact as to whether the parties had an agreement that Vaughn would pay for the bubble displays. See Bullock v. Automobile Club of Mich., 146 Mich. App. 711, 719-20 (1985) (existence and terms of oral agreement are generally a question of fact). Therefore, the court must deny Vaughn's motion on this issue.

### B.   Damages

Vaughn also contends that DSI has no damages for breach of contract with respect to Count I. Vaughn points to a "profit and loss" summary produced by DSI. Ex. K. This summary shows a cost "goods sold" (including the displays) as $112,628.04. It also shows "display project income" as $125,374.32, for a gross profit of $12,746.28. This document certainly suggests that DSI was able to cover the cost of its displays. However, Gatto submitted an affidavit stating that the $125,374.32 figure was not actual income, but "projected income" if DSI had been paid as agreed.

3

Ex. 14 at ¶ 8. Vaughn counters that the document was produced in response to its Rule 34 requests and that DSI never labeled it as a "projected" profit and loss summary.

Although Vaughn's argument is persuasive, Vaughn has not authenticated the profit and loss summary in such a way as to show the court that the numbers are actual and supported. There is no testimony from the person who created the document. Vaughn has presented a one-page summary without any explanation as to how it was created, when, and where the numbers came from. In light of this lack of foundation, Gatto's affidavit creates a question of fact as to the interpretation of the alleged profit and loss statement. Accordingly, Vaughn has not met its burden of demonstrating that summary judgment is warranted on this issue.

### III.    Count II – Account Stated

Vaughn also seeks summary judgment on DSI's account stated claim (Count II). An account stated consists of "a balance struck between the parties on a settlement.... [W]here a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." Keywell & Rosenfeld v. Bithell, 254 Mich. App. 300, 331 (2002). In order to show that its invoices to Vaughn became an account stated, DSI must show that Vaughn "either expressly accepted the bills by paying them or failed to object to them within a reasonable time." Id.

DSI contends that Vaughn failed to object to its invoices within a reasonable time. According to DSI, Gatto sent Vaughn an email on June 11, 2008, stating that "the total cost of the program that you are responsible for is $112,968.72." Pl.'s Ex. 6. Vaughn did not object (but also claims that it did not receive the email.) DSI notified Vaughn on August 8, 2008, "as an FYI" that the cost of the displays is $114,979.84. DSI allegedly sent an invoice on August 15, 2008, although

there is no copy in the record. DSI sent an email to Vaughn on October 10, 2008, suggesting that Vaughn was to cover "the balance of the monies owed ($39,968.88)". At that time, Vaughn stated that it would not pay. Then, on December 4, 2008, DSI complained in an email that $101,878.48 was owed. Pl.'s Ex. 9. In response, Robertson suggested additional business deals and/or using his commissions to pay DSI. Id. He did not, however, indicate that Vaughn would cover the cost.

The undisputed facts demonstrate that Plaintiff cannot demonstrate an account stated as a matter of law. There is no indication that the parties' dealings had been "adjusted, settled, and a balance struck." Each time DSI sought payment, the amount was different. Further, DSI cannot show that Vaughn paid the bills or failed to object within a reasonable time. The first email that was allegedly sent did not contain an invoice; the second email was an "FYI" regarding the cost of the displays. DSI has not shown proof that it sent an invoice on August 15, 2008. When DSI suggested Vaughn cover $39,968.88 of the cost in October 2008, Vaughn objected. The court will grant summary judgment in favor of Vaughn on Plaintiff's account stated claim.

### IV. **Count III – Unjust Enrichment**

DSI has agreed to dismiss its unjust enrichment claim; accordingly, the court will grant Vaughn's motion as to Count III.

### V. **Count IV – Breach of Contract – Pricing**

Vaughn also seeks summary judgment as to DSI's breach of contract claim in Count IV. DSI contends that Vaughn failed to correctly input pricing information into the K-mart computer system. DSI was to receive the cost of each toy from K-mart plus a markup of 20 cents. Robertson was supposed to enter the cost of each toy (plus 20 cents) into the K-mart computer system used by vendors. K-mart used that information to calculate its payments to DSI. DSI contends that

Roberston entered the information incorrectly so that DSI was not paid the 20 cent markup and was paid less than the cost of the toys. DSI contends that this error was never corrected and that, as a result, it suffered approximately $21,500 in damages.

Vaughn argues that this error was remedied using a "weighted average system." DSI contends that is not true. The deposition testimony is conflicting. See Gatto Dep. at 48-49, 53. Further, there are no documents in the record indicating that DSI was paid properly. Vaughn has not demonstrated that no genuine issue of material fact exists on this issue.

Vaughn also argues that DSI did not suffer any damages, because it never actually paid the toy manufacturers for the toys. DSI contends that it remains liable to the toy manufacturers. Indeed, whether DSI actually paid the toy manufacturers (perhaps it did not have the funds to pay) is not necessarily dispositive here. Presumably, DSI is still obligated to pay for the toys; there is no evidence that the debt has been paid or forgiven. Vaughn has not met its burden on demonstrating that DSI did not suffer damages. The court will deny summary judgment on this issue.

**VI.**     **Lack of Jurisdiction/Rule 11 Sanctions**

Vaughn also contends that the court lacks jurisdiction over this matter because Gatto admitted in his deposition that his damages were only $35,000, substantially less than the jurisdictional threshold for diversity cases. Vaughn contends that this damages amount must have been known to DSI from the outset of this lawsuit and that, therefore, sanctions are warranted. Gatto's deposition testimony is as follows:

> Q:   And the difference between the retail and the purchase order price was going to be profit to The Display Shop; correct?
> A:   Yes.
> Q:   And was this program profitable to The Display Shop?
> A:   No.
> Q:   How much money do you think The Display Shop lost on it?

> A: Inclusive of the display and administrative fees, an estimate, $35,000.

Gatto Dep. at 41. DSI contends that Gatto was referring to Count IV – *i.e.*, how much money DSI lost as a result of Vaughn's alleged pricing errors. Vaughn disagrees, stating that Gatto did not qualify his answer in his deposition.

If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Jones v. Knox Exploration Corp., 2 F.3d 181, 182 (6th Cir. 1993). At this stage, in light of the full, current record, the court is not persuaded to a "legal certainty" that DSI's claim is for less than the jurisdictional amount, or that DSI filed this suit knowing that its maximum damages were less than $75,000. The court is not satisfied to a legal certainty that Gatto's "estimate" of the money he "lost" comprises all of his damages.

The evidence at trial may demonstrate otherwise. Therefore, the court will deny Vaughn's motion without prejudice. See Jones, 2 F.3d at 182-83 (where proofs at trial conclusively show that the plaintiff never had damages in excess of the jurisdictional amount, a diversity action must be dismissed).

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART as to Counts II and III, and DENIED IN PART as to Counts I and IV of the complaint.

IT IS FURTHER ORDERED that Defendant's motion for sanctions is DENIED WITHOUT PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date: April 15, 2010

 

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 15, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager